# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARLOS E. BAILUM,

       Petitioner,                    :                Case No. 3:10-cv-96

                                 :                District Judge Timothy S. Black
     -vs-                                                 Magistrate Judge Michael J. Newman

WARDEN, Lebanon Correctional Institution

                                          :

       Respondent.

---

# REPORT AND RECOMMENDATION

---

Pursuant to 28 U.S.C. § 2254, Petitioner Carlos E. Bailum ("Bailum" or "Petitioner"), brings this petition for a writ of *habeas corpus*. In the Clark County Common Pleas Court, Bailum was convicted by jury verdict of gross sexual imposition, felonious sexual penetration, attempted rape, two counts of rape, and two counts of attempted unlawful sexual conduct with a minor. (Judgment Entry of Conviction, Doc. 11-1, PAGEID 80-82.) Bailum is now serving a sentence with a minimum of thirty-four years and four months and a maximum of sentence of fifty-two years and four months in Respondent's custody. (*Id.*) Proceeding *pro se*, Bailum pleads seven grounds for relief:

> **GROUND ONE**: Trial counsel rendered ineffective assistance of counsel when he failed to call expert witnesses which would have aided in Appellant's defense.
>
> **Supporting facts**: The trial court violated the appellant's Constitutional right to obtain an expert witness who possibly could have aided in his defense rendering the trial unfair. Trial counsel was ineffective for not calling the expert witness an[d] it can not be deemed trial [strategy].

**GROUND TWO**: Trial counsel rendered ineffective assistance of counsel when he failed to renew objections to improper remarks and statements made by the prosecution.

**Supporting facts**: There was a cassette tape allegedly made by the victim[']s mother, which was said to contain some sort of a confession. Defense counsel objected originally to a line of questioning, but failed to renew his objections when the prosecution failed to lay a foundation for the given testimony.

**GROUND THREE**: The trial court erred in imposing consecutive sentences on the Appellant.

**Supporting facts**: The [trial] court found numerous judicial fact findings that w[ere] unconstitutional to impose consecutive sentences on the Appellant. For it was not truly established on the duration of time when these alleged crimes occurred.

**GROUND FOUR**: Consistent with the Sixth Amendment to the United States Constitution, a trial court may not impose consecutive terms of incarceration, unless the statutory criteria specified in R.C. 2929.14(E) are admitted by the offender or proven to a jury beyond a reasonable doubt.

**Supporting facts**: The trial [court] was required to find on the record that "consecutive sentences is necessary to protect the public from future crime or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender[']s conduct." Not only did the trial court make one unconstitutional fact finding the court made three findings. All these findings had to be proven to a jury beyond a reasonable doubt. The trial court was required to impose the statutory maximum/minimum upon the appellant.

**GROUND FIVE**: The trial court committed prejudicial error in sentencing Mr. Bailum to more than the minimum and running multiple sentences consecutively.

**Supporting facts**: Upon a ruling by the Ohio Supreme Court the court declared that certain judicial findings w[ere] unconstitutional. The court went on to deliver an opinion that ones[] on direct appellate review (Petitioner[']s) sentences are void and would be resentenced. Also in the court[']s opinion the court declared that the petitioner could be resentenced to consecutive terms of imprisonment, and also can receive more time of incarceration. This is not what the law was when the petitioner was brought up on these charges.

**GROUND SIX**: Appellate counsel was ineffective in violation of Appellant's U.S. Constitutional rights pursuant to the 6th and 14th Amendments when counsel failed to argue that the resentencing hearing violated Appellant's U.S. Constitutional right to due process based[d] upon the ex post facto effect of the *Foster* severance remedy

to his resentencing hearing (U.S. CON. 6th & 14th Amend.)

**Supporting facts**: In the State of Ohio there is a presumption that has to be overcome before the petitioner can receive more than the minimum concurrent prison sentence. By the Ohio Supreme Court[']s ruling the court violated the ex post facto clause of the U.S. Constitution, the ruling was retrospective and it disadvantage[d] the petitioner. The petitioner should have been sentenced under the law at the time in which the[] alleged conduct occurred.

**GROUND SEVEN**: Appellate counsel was ineffective in violation of Appellant's U.S. Constitutional rights pursuant to the 6th and 14th Amendments to the U.S. Constitution when counsel failed to argue that the application of *State v. Foster* severance remedy violates the federal and state separation of powers' doctrine which violates Appellant[']s 14th Amend. right to due process of law.

**Supporting facts**: It is very clear that the Ohio Supreme Court enacted a law in its [a]forementioned ruling. There are three branches of government-Legislative, Judiciary and Executive [-] an[d] each of these branches of government should not encroach on the other[']s authority. In the State of Ohio the General Assembly/Legislature makes the law. The Ohio Supreme Court is to up hold the law not make it. The Ohio Supreme court has no authority to make such a law or enact legislative laws.

(Pet., Doc. 12.) (capitalization altered)**.**

## I. Procedural History

In March 2004, Bailum was indicted on twelve counts.[1] (Indictment, Doc. 11-1, PAGEID 75-79.) After Bailum pleaded not guilty, the case was tried to a jury, which found him guilty on seven counts. (Judgment Entry of Conviction, Doc. 11-1, PAGEID 80-82.) On September 1, 2004, the trial court sentenced Bailum to twenty-seven years and four months definite time to be followed by a sentence of seven to twenty-five years indefinite time. (*Id.*)

---

[1] Bailum was indicted on one count of gross sexual imposition, six counts of rape, two counts of felonious sexual penetration, one count of attempted rape, and two counts of attempted unlawful sexual conduct with a minor. (Indictment, Doc. 11-1, PAGEID 75-79.)

## A. Direct Appeal

On September 17, 2004, Bailum timely appealed to the Ohio Court of Appeals (Notice of Appeal, Doc. 11-1, PAGEID 87), raising the following assignments of error in his brief:

   I.   Trial counsel rendered ineffective assistance of counsel when he failed to call expert witnesses which would have aided in Appellant's defense.

   II.  Trial counsel rendered ineffective assistance of counsel when he failed to renew objections to improper remarks and statements made by the prosecution.

   III. The trial court erred in imposing consecutive sentences on the Appellant.

(Appellant's Br., Doc. 11-1, PAGEID 95-113.) (capitalization altered).  On October 28, 2005, the Court of Appeals overruled the assignments of error, affirming Bailum's conviction and sentence. *State v. Bailum*, No. 2004 CA 53 (Ohio Ct. App. 2d Dist. Oct. 28, 2005). (Doc. 11-1, PAGEID 128-35.)

With the assistance of counsel, Bailum timely appealed to the Ohio Supreme Court, asserting two propositions of law:

   I.   Consistent with the Sixth Amendment to the United States Constitution, a trial court may not impose consecutive terms of incarceration, unless the statutory criteria specified in R.C. 2929.14(E) are admitted by the offender or proven to a jury beyond a reasonable doubt. *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

   II.  When appellate counsel fails to raise a meritorious constitutional sentencing issue during the course of the criminal defendant's one and only direct appeal, appellate counsel provides constitutionally ineffective assistance of counsel, and the defendant is entitled to a new direct appeal, with effective representation.  Fourteenth Amendment, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution.

(Appellant's Br., Doc. 11-1, PAGEID 138-61.)  On May 3, 2006, the Ohio Supreme Court accepted Bailum's appeal as to the first proposition of law, reversed the judgment of the Court of Appeals,

and remanded the case to the trial court for resentencing consistent with *State v. Foster*,109 Ohio St. 3d 1 (2006). *State v. Bailum*, No. 05-2313 (Ohio May 3, 2006). (Doc. 11-1, PAGEID163.)

### B.  Petitions for Post-Conviction Relief

While his direct appeal was pending, Bailum filed an untimely *pro se* petition for post-conviction relief, asserting the following claims: (1) "Trial counsel failed to obtain medical reports of alleged rape victim"; and (2) "Trial counsel[] failed to move to suppress a confession where the confession provided for the primary evidence to support the state[']s case." (Motion to Vacate, Doc. 11-1, PAGEID 164-76.)  However, the trial court denied Bailum's petition as untimely. *State v. Bailum*, No. 04-CR-0212 (Clark Cnty. Ct. Com. Pl. Aug. 15, 2006). (Doc. 11-1, PAGE ID 177.) Bailum did not appeal the trial court's denial of his first petition for post-conviction relief.

Shortly after the trial court's decision, Bailum filed a "Motion to Dismiss Enhancement of Sentence Based Upon Plea of Former Acquittal Pursuant to Ohio Criminal Rule 12(C) & 32(A)(1)." (Doc. 11-1, PAGEID 178-90.)  Finding that Bailum's claims were barred by *res judicata* and, alternatively, that *Foster* did not apply to his case, the trial court denied Bailum's motion. *State v. Bailum*, No. 04-CR-0212 (Clark Cnty. Ct. Com. Pl. Sept. 29, 2006). (Doc. 11-1, PAGEID 191-92.) Bailum did not appeal the denial of his motion.

### C.  Application to Re-Open

Further, on January 19, 2006, Bailum filed a timely *pro se* application to re-open his appeal pursuant to Ohio App. R. P. 26(B), asserting an ineffective assistance of appellate counsel claim based on his counsel's failure to challenge his consecutive terms of imprisonment. (Appl., Doc. 11-1, PAGEID 193-98.)  On March 24, 2006, the Court of Appeals denied Bailum's 26(B) Motion, *State v. Bailum*, No. 2004 CA 53 (Ohio Ct. App. 2d Dist. Mar. 24, 2006) (Doc. 11-1, PAGEID 199-

202), and Bailum did not appeal to the Ohio Supreme Court.

### D. Re-Sentencing

Upon appearing before the trial court for re-sentencing in accordance with *Foster*, Bailum received the same sentence that was originally imposed. (Judgment Entry, Doc. 11-1, PAGEID 203-04.) With the assistance of counsel, Bailum timely appealed the terms of his re-sentencing to the Court of Appeals, (Notice of Appeal, Doc. 11-1, PAGEID 205), raising one assignment of error: "The trial court committed prejudicial error in sentencing Mr. Bailum to more than the minimum and running multiple sentences consecutively." (Appellant's Br., Doc. 11-1, PAGEID 208-18.) (capitalization altered). On June 20, 2008, the Court of Appeals affirmed the trial court's re-sentencing. *State v. Bailum*, No. 2007-CA-55 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 11-1, PAGEID 227-33.)

Proceeding *pro se*, Bailum timely appealed his re-sentencing to the Ohio Supreme Court, (Notice of Appeal, Doc. 11-1, PAGEID 234-35), asserting one proposition of law: "The trial [court] committed prejudicial error in sentencing Mr. Bailum to more than the minimum and running multiple sentences consecutively." (Appellant's Br., Doc. 11-1, PAGEID 236-48.) (capitalization altered). However, the Ohio Supreme Court declined to hear Bailum's appeal. *State v. Bailum*, No. 2008-1510 (Ohio Dec. 3, 2008). (Doc. 11-1, PAGEID 264.)

### E. Application to Re-Open Direct Appeal of Re-Sentencing

Further, on August 29, 2008, Bailum filed a second *pro se* application to re-open the direct appeal of his re-sentencing under Ohio App. R. P. 26(B), claiming ineffective assistance of appeal counsel. (Appl., Doc. 11-1, PAGEID 267-76.) Specifically, Bailum contended:

> I. Appellate counsel was ineffective in violation of Appellant's U.S. Constitutional rights pursuant to the 6th and 14th Amendments when counsel

> failed to argue that the resentencing hearing violated Appellant's U.S. Constitutional rights to due process based upon the ex-post facto effect of the *Foster* severance remedy to his re-sentencing hearing. (U.S. Con. 6th & 14th Am.).
>
> II. Appellate counsel was ineffective in violation of Appellant's U.S. Constitutional rights pursuant to the 6th and 14th Amendments to the U.S. Constitutions when counsel failed to argue that the application of the *State v. Foster*, *supra*, severance remedy violates the federal and state[] separation of powers doctrine which violates Appellant's 14th Am. right to due process of law. (U.S. Con. 14th Am).

(*Id.*) (capitalization altered). On September 25, 2008, the Court of Appeals denied his 26(B) Motion. *State v. Bailum*, No. 2007-CA-55 (Ohio Ct. App. 2d Dist. Sept. 25, 2008). (Doc. 11-1, PAGEID 281-83.)

Bailum timely appealed the Court of Appeals' decision to the Ohio Supreme Court, (Notice of Appeal, Doc. 11-1, PAGEID 284), raising two propositions of law:

> I. Appellate Counsel was ineffective (6th & 14th Am, U.S. Con.) In failing to argue that application of the *Foster* severance remedy violated Appellant's U.S. Constitutional right to due process based upon the ex-post facto effect of the resentencing.
>
> II. Appellate counsel was ineffective in failing to argue that the application of the '*Foster* severance remedy' violates state and federal 'separation of powers doctrine' (6th & 14th Am. U.S. Con.)

(Appellant's Br., Doc. 11-1, PAGEID 286-96) (capitalization altered), but the Ohio Supreme Court declined to hear his case. *State v. Bailum*, No. 2008-2035 (Ohio Dec. 31, 2008). (Doc. 11-1, PAGEID 301.)[2]

## II. Analysis

---

[2] Additionally, Bailum filed two *pro se* petitions for a writ of *certiorari* in the United States Supreme Court, but they were both denied. (Doc. 11-1, PAGEID 265-66, 302-03.) The Supreme Court denied his second petition on May 4, 2009. (*Id.* at PAGEID 303.)

### A. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state court decision is considered "contrary to . . . clearly established Federal law," when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation omitted). To be deemed "an unreasonable application of . . . clearly established Federal law," a state court's decision must be "'objectively unreasonable,' not simply erroneous or incorrect." *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009*)* (citation omitted). Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by state appellate courts' review of trial court records. *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003)*.*

### B. Ground One

In Ground One, Bailum asserts that his trial counsel's failure to call an expert witness constituted ineffective assistance of counsel. (Petitioner, Doc. 12, PAGEID 314.) The State contends that Ground One is procedurally defaulted because Bailum failed to timely exhaust his state remedies through appeal.

Because Bailum does not specify which experts his counsel failed to use, it is not clear

whether the evidence supporting this claim was based in the trial court record and should have been raised on direct appeal, or whether this claim is premised on facts outside the record and was a proper post-conviction relief claim. Regardless though, Ground One is procedurally defaulted because Bailum failed to exhaust his state remedies in both procedural avenues. First, although Bailum raised the claim on direct appeal to the Court of Appeals, (*see* Appellant's Br., Doc. 11-1, PAGEID 95-113), he abandoned it on discretionary appeal to the Ohio Supreme Court. (*See* Appellant's Br., Doc. 11-1, PAGEID 139-61.) Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Second, Ground One is barred because Bailum filed his petition for post-conviction relief, also raising a claim that his counsel was ineffective for failing to use expert witnesses, five months after the expiration of the limitations period under Ohio Revised Code § 2953.21, and the Court of Appeals denied his petition on that basis. *State v. Bailum*, No. 04-CR-0212 (Clark Cnty. Ct. Com. Pl. Aug. 15, 2006). (Doc. 11-1, PAGE ID 177). The 180-day limitations period in Ohio Revised Code § 2953.21 is an adequate and independent state ground to bar a federal *habeas* claim. *Bird v. Hurst*, 110 F. App'x 474 , 478-79 (6th Cir. 2004). Thus, Bailum's claim is procedurally defaulted for failing to timely file his post-conviction petition. Moreover, Bailum failed to appeal the denial of his post-conviction petition to the Ohio Supreme Court.

Therefore, as Bailum has not suggested any reason to excuse his procedural default, Ground One should be dismissed.

### C.  Ground Two

In Ground Two, Bailum contends that his trial counsel was ineffective for failing to renew his objections to the prosecutor's improper remarks. As the State argues, Ground Two is procedurally defaulted because Bailum did not raise this issue on direct appeal to the Ohio Supreme Court. (*See* Appellant's Br., Doc. 11-1, PAGEID 139-61.) *O'Sullivan*, 526 U.S. at 845. Therefore, Ground Two should be dismissed as procedurally defaulted.

### D.  Grounds Three, Four and Five

In Grounds Three, Four and Five, Bailum challenges his sentence. Specifically, he contends that the trial court erred in imposing a term greater than the statutory minimum and imposing consecutive sentences. The State's argument -- that he did not raise the issue on appeal -- is without merit. On direct appeal to both the Court of Appeals and the Ohio Supreme Court, Bailum claimed "the trial committed prejudicial error in sentencing Mr. Bailum to more than the minimum and running multiple sentences consecutively." (Appellant's Br., Doc. 11-1, PAGEID 208-18); (Appellant's Br., Doc. 11-1, PAGEID 236-48.) (capitalization altered). Further, in those appeals, Bailum raised constitutional issues by arguing that his sentence violated the Supreme Court's holdings in *Apprendi* and *Blakely*. (*See id.*) Therefore, the Court will review Grounds Three, Four and Five on the merits.

In denying Bailum's assignment of error, the Ohio Court of Appeals did not address his constitutional arguments. *See State v. Bailum*, No. 2007-CA-55 (Ohio Ct. App. 2d Dist. June 20, 2008). (Doc. 11-1, PAGEID 227-31.) Instead, it only evaluated whether the trial court abused its discretion. (*See id.*) Where the state court does not adjudicate a *habeas* claim on the merits, the *habeas* court conducts an independent review of the petitioner's claim. *Williams v. Anderson*, 460 F.3d 789, 796 (6th Cir. 2006).

Under the Sixth Amendment, any fact, other than a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Blakely v. Washington*, the Supreme Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

Following *Blakely*, the Ohio Supreme Court held that the parts of the Ohio sentencing scheme -- that required judicial fact-finding before imposing consecutive sentences or sentences beyond the statutory minimum -- were unconstitutional. *State v. Foster*, 845 N.E.2d 470, 494-98 (2006). Thus, the court severed those portions of the statute. *Id.* at 496-98. As a result of the severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Id.* at 498.

In this case, the trial judge re-sentenced Bailum to the same terms of his original sentence without the fact finding previously required by Ohio Revised Code § 2929.14, which was proper under *Foster*. (Judgment Entry, Doc. 11-1, PAGEID 203-04.) While Bailum's sentence was more than the minimum, it was within the statutory guidelines and is therefore constitutional.[3] First, *Blakely* does not apply to judicial fact-finding that merely increases the minimum sentence. *Arias*

---

[3]It should be noted that the offenses in Counts One (gross sexual imposition) and Five (felonious sexual penetration) occurred between February 11, 1995 and June 30, 1996. Accordingly, Ohio's former indefinite sentencing scheme applied, rather than Ohio's amended sentencing guidelines under Senate Bill Two. *See State v. Rush*, 697 N.E.2d 634, 638 (Ohio 1998). That is why Bailum had an indefinite sentence for Count Five. "Indefinite sentences state the minimum and maximum time that the defendant can be imprisoned. These sentences are usually longer, and the penitentiary controls when the prisoner will be released during that time period." *State v. Carroll*, 662 N.E.2d 65, 66 n.2 (Ohio Ct. App. 1995).

*v. Hudson,* 589 F.3d 315, 316-17 (6th Cir. 2009). When the jury found Bailum guilty, he was subjected to the maximum sentence on each count, and any sentence within the statutory range for each count was constitutional. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). Second, the imposition of consecutive sentences does not violate the United States Constitution as interpreted in the *Apprendi-Blakely* line of cases. *Oregon v. Ice*, 555 U.S. 160, 168-72 (2009). Thus, Bailum's sentence does not violate the Sixth Amendment and Grounds Three, Four and Five should be dismissed.

### E. Grounds Six and Seven

In Grounds Six and Seven, Bailum asserts that his appellate counsel was ineffective for failing to argue that: (1) his re-sentencing violated the Due Process Clause and the *Ex Posto Facto* Clause; and (2) the *Foster* severance remedy violates the separation of powers doctrine. The State concedes that these claims are not procedurally defaulted.

In considering Bailum's 26(B) Motion, the Court of Appeals denied his ineffective assistance of counsel claims on the ground that it did not have the authority to declare a Ohio Supreme Court's holding unconstitutional. *See State v. Bailum*, No. 2007-CA-55 (Ohio Ct. App. 2d Dist. Sept. 25, 2008). (Doc. 11-1, PAGEID 281-83.) Thus, because the state court did not adjudicate Bailum's constitutional claim on the merits, the Court should conduct an independent review of his claim. *See Williams*, 460 F.3d at 796.

To prevail on his ineffective assistance of counsel claim, Snyder must meet the two-part *Strickland v. Washington* test by demonstrating that his counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because there is "a strong presumption that counsel's conduct falls within a wide range of reasonable

professional assistance," to meet the "deficiency" prong, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688-90. To satisfy the "prejudice" prong, "[t]he defendant must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Accordingly, "counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

Here, regardless of whether his counsel should have raised the claims on appeal, Bailum's ineffective assistance of counsel claims fail because there is no reasonable probability that he would have prevailed had they been raised. At the time that Bailum's counsel filed the appellate brief on December 14, 2007, many Ohio Courts of Appeals, including the Second District Court of Appeals, had held that *Foster* did not violate the *Ex Post Facto* Clause. *See State v. Davis*, No 2006 CA 69, 2007 WL 706802, at *6-7 (Ohio Ct. App. 2d Dist. Mar. 9, 2007); *State v. Smith*, No. 21004, 2006 WL 2459101, at *4-5 (Ohio Ct. App. 2d Dist. Aug. 25, 2006).[4] Further, the Ohio Supreme Court later rejected any arguments that re-sentencing in accordance with *Foster* violates the *Ex Post Facto* Clause or the Due Process Clause. *State v. Elmore*, 912 N.E.2d 582, 587-90 (Ohio 2009).[5]

Similarly, when Bailum's counsel appealed his re-sentencing, many Ohio Courts of Appeals had already rejected the claim that *Foster* violated the separation of powers doctrine. *See, e.g., State*

---

[4]*See also State v. Bruce*, 866 N.E.2d 44, 46-48 (Ohio Ct. App. 2007); *State v. Henry*, No. 06CA8, 2006 WL 3953326, at *3 (Ohio Ct. App. 4th Dist. Dec. 20, 2006); *State v. McGhee*, No. 17-06–05, 2006 WL 2796275, at *3-7 (Ohio Ct. App. 3d Dist. Oct. 2, 2006).

[5]Moreover, the underlying claim is without merit. The Sixth Circuit and this Court have repeatedly held that the severance decision in *State v. Foster* does not violate the *Ex Post Facto* Clause. *See, e.g., Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010); *Perkins v. Jackson*, No C-3:08-cv-277, 2009 WL 1362626, at *9 (S.D. Ohio May 14, 2009) (Rose, J.; Merz, M.J.).

*v. Hines*, No. 1-06-86, 2007 WL 1805041, at *2 (Ohio Ct. App. 3d Dist. June 25, 2007); *State v. Elswick*, No. 2006-L-075, 2006 WL 3833868, at *5-6 (Ohio Ct. App. 11th Dist. Dec. 29, 3006).[6] Further, as noted in the decisions cited above, Ohio Revised Code § 1.5 expressly instructs the judicial branch to sever any statutory provisions that are deemed unconstitutional. Ohio Rev. Code § 1.5 (West 2011). Moreover, it is unlikely the Ohio Supreme Court would have accepted Bailum's argument because the Ohio Supreme Court, although not expressly addressing the separation of powers argument, has subsequently upheld the constitutionality of its decision in *Foster* in two opinions. *See State v. Hodge*, 941 N.E.2d 768, 771-77 (Ohio 2010); *Elmore*, 912 N.E.2d at 585-92. Finally, as the federal doctrine of separation of powers does not apply to the states, *see Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957), Bailum's federal separation of powers claim also would have failed had his counsel raised it on appeal.

Therefore, Bailum cannot demonstrate, as required under *Strickland*, that his appellate counsel's failure to argue that his re-sentencing violates the Due Process Clause and *Ex Post Facto* Clauses and that the *Foster* severance remedy violated the separation of powers doctrine prejudicially affected the outcome of his appeal. According, Grounds Six and Seven should be dismissed.

### III. RECOMMENDATION

---

[6] *See also State v. Daniels*, No. 12-06-15, 2007 WL 1390655, at *2 (Ohio Ct. App. 3d Dist. May 14, 2007); *State v. Taddie*, No. 2006-L-098, 2007 WL 1041410, at *3 (Ohio Ct. App. 11th Dist. Apr. 6, 2007); *State v. Palmer*, No. 06-JE-20, 2007 WL 969423, at *9 (Ohio Ct. App. 7th Dist. Mar. 27, 2007).

It is therefore **RECOMMENDED** that Bailum's §2254 petition for a writ of *habeas corpus* be denied with prejudice and this case be terminated upon the Court's docket.

September 28, 2011                                     s/ **Michael J. Newman**

                                                          United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6thCir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).